```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
VICTORIANO ENRIQUEZ, JUAN MARTINEZ,      :
FELICIANO GENIS, ERIC VELASCO, ELIAS     :
ROSALES, FRANCISCO FLORES MARTINEZ,      :   11 Civ. 2410 (DLC)
NARIN MESOMMONTA, RATTANAPORN            :
THANAPATH, EDGAR MARTINEZ, and BULMARO   :      MEMORANDUM
CRUZ TORRES, individually and on         :    OPINION & ORDER
behalf of others similarly situated,     :
                                         :
                Plaintiffs,              :
                                         :
        -v-                              :
                                         :
ROOM SERVICE II, INC. (d/b/a ROOM        :
SERVICE), ROOM SERVICE, INC., (d/b/a     :
KLONG), JOHN DOE CORP. (d/b/a ROOM       :
SERVICE), CHAI HUADWTTANA, ACE           :
WATANASUPARP, BOBIT DOE, YANG YONG,      :
and CHAT CHA,                            :
                Defendants.              :
                                         :
---------------------------------------- X
```

DENISE COTE, District Judge:

On January 16, 2012, the parties in this putative collective action brought under the Fair Labor Standards Act ("FLSA") executed a settlement agreement ("Agreement") that provided for a payment that was less than the full sum of liquidated damages mandated by the FLSA.  See 29 U.S.C. § 216(b).  An Order of January 27 advised the parties that the terms of the Agreement would have to be subjected to judicial review before this case could be dismissed.  On February 10, the plaintiffs Victoriano Enriquez, Juan Martinez, Feliciano Genis, Eric Velasco, Elias Rosales, Francisco Flores Martinez, Narin

Mesommonta, Rattanaporn Thanapath, Edgar Martinez, and Bulmaro Cruz Torres, in addition to the other plaintiffs who opted in this action (the "Plaintiffs"), submitted a letter jointly with the defendants in response to the January 27 Order.  For the following reasons, the Agreement is approved, and the lawsuit is dismissed.

BACKGROUND

The Plaintiffs commenced this action on April 8, 2010, alleging that their employers -- the defendants Room Service II Inc. (d/b/a Room Service), Room Service, Inc. (d/b/a Klong), Nahm Inc. (d/b/a Room Service), Chai Huadwattana, Ace Watanasuparp, Bobit Doe, Yang Yong, and Chat (the "Defendants") -- violated the FLSA and New York State labor laws.  In the Complaint, the Plaintiffs requested that the lawsuit be designated as a collective action under the FLSA and that a class be certified for the related state law claims.

The Plaintiffs were employed to perform various restaurant duties such as making deliveries, cooking, waiting tables, preparing food, and washing dishes for the Defendants.  During their employment, the Plaintiffs were paid a flat weekly wage for their hours worked instead of the statutory minimum wage or overtime rate.  The Plaintiffs claim that if they recovered in full for their claims, they would be entitled to roughly

2

$1,300,218.  The Defendants claim that the figure is closer to $300,000 to $400,000.

The parties have agreed to settle the action for $725,000, to be paid in installments with the final payment to be made on or before July 15, 2014.  If the Agreement is approved, the parties request that the action be dismissed with prejudice as to the named Plaintiffs and without prejudice as to members of the alleged putative collective and class actions.

DISCUSSION

The FLSA imposes the obligation to pay unpaid overtime compensation and "an additional equal amount as liquidated damages" on employers who violate its requirement that overtime wages be paid.  29 U.S.C. § 216(b).  The obligation to pay "liquidated damages cannot be bargained away by bona fide settlements of disputes over coverage."  D.A. Schulte, Inc. v. Gangi, 328 U.S. 108, 114 (1946).  In D.A. Schulte, however, the Supreme Court suggested in dicta that employees may waive FLSA claims pursuant to judicially-supervised settlements.  Id. at 113 n.8.  The Supreme Court reasoned that "by the simple device of filing suits and entering agreed judgments, . . . the requirement of pleading the issues and submitting the judgment to judicial scrutiny may differentiate stipulated judgments from compromises by the parties."  Id.  Based on D.A. Schulte's

3

dicta, several circuits have opined that courts may enter judgments on a basis that does not require full payment of liquidated damages after scrutinizing the proposed settlements for fairness.  See, e.g., Lynn's Food Stores, Inc. v. United States By and Through U.S. Dep't of Labor, Employment Standards Admin., Wage and Hour Div., 679 F.2d 1350, 1352-53 (11th Cir. 1982); Urbino v. Puerto Rico Ry. Light & Power Co., 164 F.2d 12, 14 (1st Cir. 1947).  In Jarrard v. Southeastern Shipbuilding Corp., 163 F.2d 960 (5th Cir. 1947), the Fifth Circuit approved a settlement after finding that "a bona fide dispute of both law and fact was involved in the litigation, and that the proposed settlement agreed upon was fair and equitable to all parties concerned."  Id. at 961.

    The Plaintiffs in this case have sufficiently supported their Agreement and demonstrated that it represents a fair and equitable settlement of their bona fide dispute with their employer.  The settlement amount in this case is less than the full amount of the Plaintiffs' claims -- significantly so when attorneys' fees and costs are considered.  Under the circumstances, however, this amount is reasonable and fair. First, the Plaintiffs admit that they face risks of not prevailing on some or all of their claims if the case were to proceed to trial.  The parties have not suggested that documents exist to establish the actual number of hours worked by each of

4

the plaintiffs.  In addition, the $725,000 settlement exceeds the amount of actual unpaid compensation that the Plaintiffs allege they are owed, which is $641,481.  The settlement therefore covers an amount of the liquidated damages provided under the FLSA.

The prohibition on waiver of FLSA claims except pursuant to a settlement supervised by the Secretary of Labor or an agreement that is judicially approved is meant to protect employees from inequality in bargaining powers.  See D.A. Schulte, 328 U.S. at 115.  The Plaintiffs, though, have been represented by counsel throughout this lawsuit.  These circumstances provide further assurance that the Plaintiffs' interests have been safeguarded.

CONCLUSION

The parties' January 16, 2012 Agreement is approved, and this action is dismissed with prejudice as to the named

Plaintiffs and without prejudice as to the other members of the alleged putative collective and class actions.

SO ORDERED:

Dated:    New York, New York
          February 16, 2012

                                    _____
                                            DENISE COTE
                                    United States District Judge